BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
WAYNE KRAMER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WAYNE KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>NO ON 23 – STOP THE DANGEROUS & COSTLY DIALYSIS PROPOSITION, A COALITION OF DIALYSIS PROVIDERS, NURSES, DOCTORS, AND PATIENTS, a California Committee; THOMAS HILTACHK, an individual; ASHLEE TITUS, an individual; NATHAN ELIAS, an individual; JEREMY VAN HASELEN, an individual; DAVITA, INC., a Delaware corporation; FRESENIUS MEDICAL CARE AG & CO., a German corporation; FRESENIUS MEDICAL CARE HOLDINGS, INC, a New York corporation; TARGET ENTERPRISES, LLC, a California company; BASK DIGITAL MEDIA, LLC, a California company; WINNER & MANDABACH CAMPAIGNS, LLC, a California company; CHRIS MOTTOLA CONSULTING, INC., a Pennsylvania | CASE NO: 2:20-cv-09494<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1) **VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY (CAL. CIV. CODE § 3344.1);**<br>2) **VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY,** *IN THE ALTERNATIVE*; **AND**<br>3) **FALSE ENDORSEMENT (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

corporation; CARL COSTAS PRODUCTIONS, LLC, a California company; and JANET GROSS, an individual,

Defendants.

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(b).

2. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims seeking damages for violations of state law because said claims arise out of the same case or controversy for which, as set forth above, this Court already has proper subject matter jurisdiction.

3. This Court has personal jurisdiction over Defendants in that, among other things, Defendants do business in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District.

4. Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d).

## THE PARTIES

5. Plaintiff WAYNE KRAMER is now, and at all times mentioned in this Complaint was, a citizen of the United States, residing in Studio City, California.

6. Defendant NO ON 23 – STOP THE DANGEROUS & COSTLY DIALYSIS PROPOSITION, A COALITION OF DIALYSIS PROVIDERS, NURSES, DOCTORS, AND PATIENTS ("NO ON 23") is now, and at all times mentioned in this complaint was, a political action committee organized and existing under the laws of the State of California.

7. Defendant THOMAS HILTACHK ("HILTACHK") is now, and at all times mentioned in this complaint was, an individual residing in Sacramento, California.

8. Defendant ASHLEE TITUS ("TITUS") is now, and at all times mentioned in this complaint was, an individual residing in Sacramento, California.

9. Defendant NATHAN ELIAS ("ELIAS") is now, and at all times mentioned in this complaint was, an individual residing in Washington, D.C.

10. Defendant JEREMY VAN HASELEN ("VAN HASELEN") is now, and at all times mentioned in this complaint was, an individual residing in Washington, D.C.

11. Defendant DAVITA INC. ("DAVITA") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado.

12. Defendant FRESENIUS MEDICAL CARE AG & CO. ("FRESENIUS GERMANY") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Germany.

13. Defendant FRESENIUS MEDICAL CARE HOLDINGS, INC. ("FRESENIUS NORTH AMERICA") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of New York with its principal place of business in Waltham, Massachusetts.

14. Defendant TARGET ENTERPRISES, LLC ("TARGET") is now, and at all times mentioned in this complaint was, a company organized and existing under the laws of the State of California.

15. Defendant BASK DIGITAL MEDIA, LLC ("BASK") is now, and at all times mentioned in this complaint was, a company organized and existing under the laws of the State of California.

16. Defendant WINNER & MANDABACH CAMPAIGNS, LLC ("WINNER") is now, and at all times mentioned in this complaint was, a company organized and existing under the laws of the State of California.

17. Defendant CHRIS MOTTOLA CONSULTING, INC. ("CHRIS MOTTOLA") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Huntingdon Valley, Pennsylvania.

18. Defendant CARL COSTAS PRODUCTIONS, LLC ("CARL COSTAS") is now, and at all times mentioned in this complaint was, a company organized and existing under the laws of the State of California.

19. Defendant JANET GROSS ("GROSS") is now, and at all times mentioned in this complaint was, an individual residing in Mission Hills, California.

20. Plaintiffs is informed and believes that NO ON 23, HILTACHK, TITUS, ELIAS, VAN HASELEN, DAVITA, FRESENIUS GERMANY, FRESENIUS NORTH AMERICA, TARGET, BASK, WINNER, CHRIS MOTTOLA, CARL COSTAS, and GROSS were and are working in conjunction with respect to the use of publicity rights, trademarks owned by Plaintiff. All of the Defendants have engaged in deeds, acts, or conduct in connection with the use of publicity rights owned by Plaintiff, along with Plaintiff's trademarks in the United States and in the State of California through one or more of their officers, directors, agents, employees or representatives.

21. Plaintiff is informed and believes that FRESENIUS NORTH AMERICA is an agent or representative of FRESENIUS GERMANY doing business in the State of California.

22. At all times mentioned herein, Defendants, FRESENIUS NORTH AMERICA and FRESENIUS GERMANY, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

23. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## BACKGROUND

24. Plaintiff Wayne Kramer was the founder of legendary band the MC5. Kramer is widely cited by both critics and fellow musicians as having co-created the prototype for the musical genres punk rock and heavy metal. In 1969, the MC5 released the politically incendiary and musically revolutionary hit album "Kick Out the Jams" on Elektra Records. In addition to having an illustrious musical career as well as being cited by Rolling Stone Magazine as a "Top 100 Guitarist of All Time," Mr. Kramer is a prominent and vigorous social activist. A true music legend, Mr. Kramer is much more than a widely respected sonic innovator. He is also a devoted activist who has channeled his personal journey into a commitment to social change spanning decades. In furtherance of his activism, Mr. Kramer co-founded Jail Guitar Doors, a Los Angeles-based 501(c)(3) non-profit organization that uses donated musical instruments and devoted teaching artists to rehabilitate incarcerated men and women, as well as justice-involved children.

25. Guided by a deep belief in the power of positive personal transformation through music, Mr. Kramer's work with the incarcerated through Jail Guitar Doors serves as an inspiration for artists everywhere to use their platforms toward positive social change. Mr. Kramer has been the subject of several documentaries and television programs highlighting both his musical and philanthropic endeavors, including the PBS Special Series "Lifecasters: The Beast and The Angel." Mr. Kramer is the recipient of a number of prestigious awards, including: (1) a special recognition proclamation by the City of Los Angeles for his accomplishments and service to Los Angeles County via Jail Guitar Doors; (2) a California Lawyers for the Arts "Artistic License Award" in recognition of his work using music as

rehabilitation in the communities of both male and female adult and juvenile incarcerated population; (3) The Future of Music Coalition "Voice of Change" honor in recognition of his lifelong commitment to creative expression; (4) the Psychiatric Rehabilitation Association "Board of Directors Award" for the use of his experience and talent to advance recovery; and (5) the recipient of various music awards including the prestigious Kerrang Magazine's "Icon Award." He is also a guest lecturer at California Institute of the Arts, University of California Los Angeles, Loyola University New Orleans, Georgetown University, and numerous others.

26. Mr. Kramer's image and likeness are captured in a video of an MC5 concert ("The Video").

27. In or about 2020, Defendants produced a video advertisement ("The Ad") in which The Video comprises the first three seconds of The Ad, prominently featuring Mr. Kramer's image and likeness.

28. On information and belief, Defendants distributed The Ad on broadcast television in the State of California and online through both YouTube and NO ON 23's website at https://noprop23.com/our-ads/.

29. None of the Defendants hold a license or any other form of consent to use Mr. Kramer's image or likeness.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY**
**CAL. CIV. CODE § 3344.1**
**(Against All Defendants)**

30. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 29, as though fully set forth herein.

31. No one other than Mr. Kramer holds his publicity rights, including the use of Mr. Kramer's name, likeness, image, and identity for commercial purposes.

32. Plaintiff is informed and believes that in or about 2020, Defendants willfully and knowingly infringed on the publicity rights of Mr. Kramer by

appropriating the image and likeness of Mr. Kramer through the production and distribution of The Ad.

33. The Ad was distributed online and via broadcast television to promote NO ON 23's political ad campaign.

34. The appropriation was unauthorized and without Plaintiff's consent.

35. The appropriation usurped Plaintiff's ability to control the subject publicity rights and diluted his ability to effectively market such images, all to the detriment of Plaintiff.

36. Plaintiff is informed and believes, and on that basis, alleges that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiff has been and/or will be deprived of monetary sums in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**
*IN THE ALTERNATIVE*
**(Against All Defendants)**

37. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 36, as though fully set forth herein.

38. Plaintiff is informed and believes that in or about 2020, Defendants willfully and knowingly infringed on the publicity rights of Mr. Kramer by appropriating the identity of Mr. Kramer through the production and distribution of The Ad.

39. Defendants used Mr. Kramer's identity for their own purpose of the promotion of NO ON 23's political ad campaign.

40. None of the Defendants hold a license or any other form of consent from Mr. Kramer to use his image, likeness, or identity.

41. The appropriation usurped Plaintiff's ability to control the subject publicity rights and diluted his ability to effectively market such images, all to the detriment of Plaintiff.

42. Plaintiff is informed and believes, and on that basis, alleges that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiff has been and/or will be deprived of monetary sums in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### FALSE ENDORSEMENT
### SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)
### (Against All Defendants)

43. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 42, as though fully set forth herein.

44. In or about 2020, Defendants produced and distributed in interstate commerce, The Ad which prominently featured Mr. Kramer's image and likeness without permission.

45. Defendants' use of the image and likeness of Mr. Kramer constitutes a false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive as to the endorsement, affiliation, connection, or association of Defendants with Mr. Kramer including as to the sponsorship or approval of Defendants' political activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). By prominently featuring Mr. Kramer at the outset of The Ad, in connection with the statement made by Defendant GROSS, "I've spent fifty years in the music business. I've got stories I can't repeat. I'd still be there if I hadn't gotten sick. Yes, I'm on dialysis, but there are worse things in life. One special interest group – again – is putting my life at risk. And Prop 23 could shut down my clinic. I'm not going to die from dialysis. I'm going to die without it. Prop 23 is dangerous. Please, vote no." Defendants falsely imply that Mr. Kramer endorses the political message of The Ad and/or implies that Mr. Kramer has or had a professional and/or personal relationship with Defendant GROSS. Moreover, Defendant GROSS' statement falsely implies that she has "stories [she] can't repeat" about and/or involving Mr. Kramer.

46. Based on the scope and nature of the Defendants' use of Mr. Kramer's image and likeness, the potential for likelihood of confusion is great.

47. Defendants' unauthorized and infringing activities as described herein has been knowing, intentional, and malicious, and its misuses were carried out with the intent to trade upon the goodwill and reputation of Mr. Kramer.

48. Mr. Kramer's goodwill, reputation, and business has been and will continue to be irreparably harmed by Defendants unless they are enjoined from using Mr. Kramer's image and likeness. Given Mr. Kramer's established brand and image, professional reputation, and moral commitment as a champion for the working class, he never would have licensed his image in connection with the promotion of Defendants' corporate political campaign.

49. As a result, Mr. Kramer is appalled, disgusted, and embarrassed to see his image falsely endorsing Defendants' campaign because such unauthorized use of his likeness creates a perception of hypocrisy in the public eye, and irreparably undermines the important international social work that has been Mr. Kramer's adult life's mission, the value of which is immense and cannot be overstated.

WHEREFORE, Plaintiff WAYNE KRAMER, by and through his attorney, respectfully prays for judgment against the Defendants, NO ON 23 – STOP THE DANGEROUS & COSTLY DIALYSIS PROPOSITION, A COALITION OF DIALYSIS PROVIDERS, NURSES, DOCTORS, AND PATIENTS, a California Committee; THOMAS HILTACHK, an individual; ASHLEE TITUS, an individual; NATHAN ELIAS, an individual; JEREMY VAN HASELEN, an individual; DAVITA, INC., a Delaware corporation; FRESENIUS MEDICAL CARE AG & CO., a German corporation; FRESENIUS MEDICAL CARE HOLDINGS, INC, a New York corporation; TARGET ENTERPRISES, LLC, a California company; BASK DIGITAL MEDIA, LLC, a California company; WINNER & MANDABACH CAMPAIGNS, LLC, a California company; CHRIS MOTTOLA CONSULTING,

INC., a Pennsylvania corporation; CARL COSTAS PRODUCTIONS, LLC, a California company; and JANET GROSS, an individual; jointly and severally, for:

A. Compensatory damages in excess of $75,000.00 for Defendants' unauthorized use of Mr. Kramer's image, likeness, and identity;

B. Additional damages for an amount determined at trial for false endorsement;

C. Punitive damages for willful violation of Cal Civ. Code § 3344.1;

D. Reasonable attorney fees;

E. The costs of this action including, but not limited to, expert fees;

F. A permanent injunction enjoining Defendants from infringing upon Mr. Kramer's publicity rights in any manner whatsoever;

G. Pre-judgment interest according to law; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: October 16, 2020

Respectfully submitted,

**WAYNE KRAMER**

 /s/ Heather L. Blaise
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*